UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

------------------------------------------------------------X Index No. [Case number]

Ayelet Elituv,

      Plaintiff,

-against-  CV

EXPERIAN

      Defendant(s).

LEVY, M.J.

**COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF**

RECEIVED
DEC 27 2012
PRO SE OFFICE

------------------------------------------------------------X

**COMPLAINT:**

  COMES NOW the Plaintiff in the above styled cause and for his Complaint against the Defendants, Experian states as follows:

### Jurisdiction & Venue:

  1. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. § 1681o et seq.) hereafter "FCRA" regarding failure to delete inaccurate and unverified entries on Plaintiff's credit report and for the reappearance of previously deleted items without proper notification. Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

  2. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) as the events or omissions giving rise to the claim took place in this Judicial District and Defendants are a corporation doing business in this Judicial District.

  3. This Court has authority to grant monetary, injunctive and other relief pursuant to 15 U.S.C. § 1681(p), N.Y. Gen. Bus. Law § 349, 28 U.S.C. §§ 2201-2 and 42 U.S.C. § 1983.

### PARTIES

  4. The Plaintiff, Ayelet Elituv ["Plaintiff"], is a natural person who resides within this Judicial District.

5. The Defendants Experian ["Defendants"], are a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

## STATUTORY FRAMEWORK:

### A) Fair Credit Reporting Act

6. The federal Fair Credit Reporting Act (hereinafter FCRA), 15 U.S.C. §§ 1681 *et seq.*, governs the content, issuance and use of consumer reports prepared for a variety of purposes.

7. FCRA 15 U.S.C. § 1681a(b) defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."

8. FCRA 15 U.S.C. § 1681a(d)(1) defines a "consumer report" as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility...,

for "a legitimate business need for the information in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F).

9. FCRA 15 U.S.C. § 1681b(a)(3)(g) defines the term "file" when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

10. FCRA 15 U.S.C. § 1681b(a)(3)(l)(2) defines "verification" as pertaining to a consumers credit application and/or insurance application as:

> (A) that the consumer continues to meet the specific criteria used to select the consumer for the offer, by using information in a consumer report on the consumer, <u>information in the consumer's application</u> for the credit or insurance, or other information bearing on the credit worthiness or insurability of the consumer: or
> (B) of the information in the <u>consumer's application</u> for the credit or insurance, to determine that the consumer meets the specific criteria bearing on credit worthiness or insurability.

11. FCRA 15 U.S.C. § 1681g, Disclosures to consumers specifies that a credit reporting agency, upon request, must provide the consumer with all:

(a) Information <u>on file</u>: sources; report recipients. Every consumer reporting agency shall, upon request, and subject to section 610(a)(1) [§ 1681h], clearly and accurately disclose to the consumer:

1) All information in the consumer's file at the time of the request.

12. FCRA 15 U.S.C. § 1681i Procedure in case of disputed accuracy states:

(a) Reinvestigations of Disputed Information
(1) Reinvestigation Required
(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is <u>disputed by the consumer</u> and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the credit reporting agency shall, free of charge, <u>conduct a reasonable reinvestigation</u> to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), <u>before the end of the 30-day</u> period beginning on the date on which the agency receives the notice of the dispute from the consumer.

13. FCRA 15 U.S.C. § 1681i(a)(5) Treatment of Inaccurate or "<u>Unverified Information</u>" states:

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or **cannot be verified**, the consumer reporting agency shall:
(i) **promptly delete the item** of information from the file of the consumer based on the results of the reinvestigation and
(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

(B) <u>Requirements Relating to Reinsertion of Previously Deleted Material:</u>
(i) *Certification of accuracy of information.* <u>If any information is deleted</u> from a consumer's file pursuant to subparagraph (A), the information <u>may not be reinserted</u> in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate.
(ii) *Notice to consumer.* If any information that has been deleted from a consumer's file pursuant to subparagraph (A) is reinserted in the file, <u>the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion</u> or, if authorized by the consumer for that purpose, by any other means available to the agency.

14. Civil Liability for willful noncompliance FCRA 15 U.S.C. § 1681n imposes civil liability for willful noncompliance with the statute, providing for actual damages up to $1000, punitive damages at the court's discretion, costs and attorney's fees.

15. FCRA 15 U.S.C. § 1681o also imposes civil liability for negligent noncompliance with the statute, providing for actual damages, costs and attorney's fees.

## FACTUAL ALLEGATIONS:

16. On or about February 15th, 2012 Plaintiff preparing to apply for a mortgage requested a copy of her Experian credit report from Experian.

17. On or about February 19th, 2012 Plaintiff received a copy of her credit report from Experian.

18. On review of the Experian credit report the Plaintiff made note of a number of accounts listed on the credit report that she believed to be inaccurate.

19. On or about February 27th, 2012 Plaintiff mailed Defendant a dispute letter listing a number of accounts that she believed to be inaccurate and asked the Defendant to provide her with all of the documented proof in Defendant's file that Defendant used to verify that these disputed accounts belonged on her credit report.

20. On or about March 26th, 2012 Plaintiff received Defendant's response to her dispute letter noted on paragraph #19 above.

21. Defendant stated in their reply to Plaintiff's dispute letter noted in paragraph #20 above that they re-investigated the disputed accounts with the original creditor and all of the disputed accounts were verified by the original creditor but Plaintiff failed to provide any of the documents, requested by the Plaintiff, that Defendant had on file that were used to verify the disputed accounts belonged on Plaintiff's credit report as required of them under 15 U.S.C. § 1681g. 15 U.S.C. § 1681a defines the term "file" to mean that all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how it is stored.

22. The credit bureau is obligated to re-investigate the disputed entries and to <u>remove</u> all "UNVERIFIABLE" entries.

23. On or about April 2nd, 2012 Plaintiff mailed Defendant a 2nd dispute letter listing the accounts that she believed to be inaccurate and asked the Defendant a 2nd time to provide her with all of the documented proof in Defendant's file that Defendant used to verify that these disputed accounts belonged on her credit report. Plaintiff also requested Defendant to provide name of individual in the Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name of the

individual, business address, and telephone number of the person or business contacted during your Defendant's alleged re-investigation.

24. On or about April 19th, 2012 Defendant sent a letter of response to the Plaintiff. Defendant's response appeared to be a boiler-plate letter that stated that the accounts Plaintiff disputed were all verified as accurate. Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 23 above.

25. On or about May 2nd, 2012 Plaintiff mailed Defendant a 3rd dispute letter listing the accounts that she believed to be inaccurate and asked the Defendant a 3rd time to provide her with all of the documented proof in Defendant's file that Defendant used to verify that these disputed accounts belonged on her credit report. Plaintiff also requested Defendant to provide name of individual in the Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name of the individual, business address, and telephone number of the person or business contacted during your Defendant's alleged re-investigation.

26. On or about August 27th, 2012 Defendant sent a letter of response to the Plaintiff. Defendant's response again appeared to be a boiler-plate letter that stated that the accounts Plaintiff disputed were all verified as accurate. Again Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 25 above.

27. On or about September 20th, 2012 Plaintiff mailed Defendant a 4th dispute letter listing the accounts that she believed to be inaccurate and asked the Defendant a 4th time to provide her with all of the documented proof in Defendant's file that Defendant used to verify that these disputed accounts belonged on her credit report. Plaintiff also requested Defendant to provide name of individual in the Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name of the individual, business address, and telephone number of the person or business contacted during your Defendant's alleged re-investigation.

28. On or about October 5th, 2012 Defendant sent a letter of response to the Plaintiff. Defendant's response again appeared to be a boiler-plate letter that stated that the accounts Plaintiff disputed were all verified as accurate. Again Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 27 above.

29. On or about October 29th, 2012 Plaintiff mailed Defendant a 5th dispute letter listing the accounts that she believed to be inaccurate and asked the Defendant a 5th time to provide her with all of the documented proof in Defendant's file that Defendant used to verify that these disputed accounts belonged on her credit report. Plaintiff also requested Defendant to provide name of individual in the Defendant's company who allegedly verified these accounts and the process used to verify them. Plaintiff also requested Defendant to provide Plaintiff with the name of the individual, business address, and telephone number of the person or business contacted during your Defendant's alleged re-investigation.

30. On or about November 20th, 2012 Defendant sent a letter of response to the Plaintiff. Defendant's response again appeared to be a boiler-plate letter that stated that the accounts Plaintiff disputed were all verified as accurate. Again Defendant totally ignored all of the requests made by the Plaintiff as noted in paragraph 29 above.

31. Defendant failed to remove all of the unverified accounts from Plaintiff's credit report as required by law.

## CAUSES OF ACTION:

### a) Violations of Federal Fair Credit Reporting Act

32. Plaintiff repeats and re-alleges each paragraph above as if fully set forth herein.

33. Defendant violated the Fair Credit Reporting Act in the following particulars:

1) Defendant failed to re-investigate and remove 8 accounts that Defendant failed to provide Plaintiff with the documents in Defendant's file she requested from Defendant in writing that prove the accounts(s) belong to the Plaintiff as required by FCRA 15 U.S.C. Section 1681i.

2) Defendant failed to bear responsibility for evaluating the accuracy of information obtained from original creditor required under 15 U.S.C. Section 1681i(a)(4) to ensure the accuracy of the information. Defendant's responsibility must consist of something more than merely parroting information received from other sources.

3) Defendant's reinvestigation shifted the burden back to the Plaintiff in violation of 15 U.S.C. Section 1681i(a). In order for Defendant to fulfill its obligations under section 1681i(a) Defendant was required to verify the accuracy of its initial source of information used to open the line of credit (credit application). Defendant failed to do that. 15 U.S.C. Section 1681i(a) requires that the consumer reporting agency shall within a reasonable

period of time re-investigate and promptly delete inaccurate or unverifiable information. Section 1681i requires deletion of information found to be no longer verified. Defendant did not delete the unverified file(s).

34. As a result of Defendant's conduct, actions and omissions, Plaintiff suffered damages.

35. The FCRA 15 U.S.C.A. Sec. 1681i and 15 U.S.C.A. Sec. 1681o imposes a duty upon credit reporting agencies to reinvestigate and to delete information found to be inaccurate or no longer verifiable once the consumer has protested the inclusion of the material.. A negligent violation of these sections noted in the paragraphs above subjects the credit reporting agency to liability for any actual damages sustained as a result of the violation(s), together with the costs of the action and a reasonable attorney's fee.

36. The fact that the Defendant ignored Plaintiff's dispute letters a total of five times appears to indicate a willful intent to ignore the law. A willful violation under 15 U.S.C. Sec. 1681n subjects the agency to punitive damages as well. The fact that the consumer wrote multiple letters and each time the credit bureau ignored her requests for proof of verification their actions show their "willful violation".

## PRAYER AND RELIEF

37. Each instance in which defendant violated Section 609 of the FCRA, 15 U.S.C. § 1681g, in one or more of the ways described above constitutes a separate violation for which plaintiff seeks monetary civil penalties.

38. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Court to award monetary civil penalties of not more than $2,500 for each knowing violation of the FCRA that occurred since September 30, 1997.

WHEREFORE, plaintiff requests this Court, pursuant to 15 U.S.C. § 1681s, and to this Court's own equity powers:

(1) Enter judgment against defendant and in favor of plaintiff for each violation alleged in this complaint;
(2) Award plaintiff monetary civil penalties from the defendant for each violation of the FCRA alleged in this complaint;
(3) Enjoin defendant from violating the FCRA;
(4) Award plaintiff such additional relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

39. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated this 26 day of Decembre , 2012.

                                          Respectfully submitted and signed by

                                          Ayelet Elituv

*[signature: Ayelet Elituv]*